## McCONNELL *v.* HALL.

Where on demurrer all but one of the defendants had been dismissed from the case, and pending writ of error to that ruling the case as to the remaining defendant was ordered to trial by the court over objection by plaintiff's sole counsel, who thereupon declined to participate further in the case, the court did not err in dismissing it.

No. 5606. SEPTEMBER 19, 1927.

Equitable petition. Before Judge Maddox. Floyd superior court. July 26, 1926.

*Henry Walker,* for plaintiff.  *Denny & Wright,* for defendant.

RUSSELL, C. J.  Top McConnell filed a petition against Floyd County, its warden, Lon Hall, and its commissioners, C. E. Horton, J. F. Sproull, A. C. Fincher, C. A. Todd, and O. N. Richardson, seeking the recovery of damages for false imprisonment and mistreatment.  The defendants filed a joint demurrer, which was sustained by the court as to each of the defendants except Lon Hall.  As to him the demurrer was overruled.  The plaintiff excepted and brought that ruling to this court; and the judgment of the trial court was affirmed. *McConnell* v. *Floyd County,* 164 *Ga.* 177 (138 S. E. 919).  In the present bill of exceptions it is recited that on July 26, "there was heard by his honor James Maddox, judge presiding, the case of Top McConnell v. Lon Hall, warden of said county, an action in damages.  Upon the call of said case counsel for plaintiff announced not ready, because the action was joint and several against seven defendants; the case against six defendants was in Supreme Court, and the trial court was ousted of jurisdiction whilst it was so pending; the case could not be tried by piecemeal, 6-7 of it in Supreme Court, 1-7 of it in this (superior) court, nor by dividing it into fractional parts.

Continuances, 13 C. J. p. 136, n. 86.
Dismissal and Nonsuit, 18 C. J. p. 1181, n. 42; p. 1191, n. 14.

Plaintiff was entitled to a trial of the whole case at one time as brought. It was replied, the case as to Hall, warden, is in this court; as to him the demurrer was overruled; as to his codefendants six in number the demurrer was sustained; these are out of this court and in Supreme Court. The court stated the case as to said warden Hall is in order for trial; counsel will strike a jury. Counsel for plaintiff replied, 'I decline to participate in the case.' Whereupon the court dismissed the case," and the plaintiff excepted to this order.

Under the statement of facts it appears that the plaintiff's only ground for continuance was based upon the fact that six codefendants had been dismissed from the case by the judgment of the court upon demurrer. The cause of action as against the one defendant had been sustained by the overruling of the demurrer. No reason was advanced for a continuance, except that the plaintiff by bill of exceptions had carried to the Supreme Court the ruling of the court discharging the codefendants; and when the court held that that fact presented no reason why the case against Lon Hall should not proceed, counsel declined to participate further in the case. Whether the antecedent ruling of the court was correct or not, it was the duty of counsel to proceed in accordance with the direction of the court, and, if this was erroneous, find his remedy by review by writ of error at the conclusion of the trial. When the plaintiff declined to yield obedience to the ruling of the court, the court could not do otherwise than dismiss the case.

*Judgment affirmed. All the Justices concur.*